**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DAVIN SIMMONS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:05CV511(SNL) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Davin Simmons to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1].

**Background**

Movant pled guilty to one count of distributing narcotics, one count of engaging in a continuing criminal enterprise, two counts of using a communications facility to cause the commission of a drug offense, one count of money laundering, and one count of structuring transactions to evade reporting requirements. See United States v. Simmons, No. 4:00CR585(SNL) (E.D. Mo.), and United States v. Simmons, No. 4:01CR134(SNL) (E.D. Mo.). On October 11, 2001, movant was sentenced to a total of 360 months imprisonment, 5 years supervised release, and a $600 special assessment. Movant did not appeal either his convictions or his sentences. On July 11, 2003, movant's sentence was reduced to 260 months imprisonment pursuant to Rule 35 of the Federal Rules of Criminal Procedure. The Court's records indicate that movant has not previously filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

**The motion**

Movant alleges that his convictions and sentences are invalid under the fifth and sixth amendments. Movant also seeks to have his post-incarceration conduct taken into account for sentencing.

**Discussion**

Title 28 U.S.C. § 2255 now provides that a one-year period of limitations applies to § 2255 motions. Because movant did not appeal his convictions and sentences, he had until approximately October 22, 2002, to file a § 2255 motion.[1] The instant § 2255 motion was not filed until March 30, 2005.

The Court anticipates that movant may argue that the July 2003 sentence reduction commenced a new time period for bringing a § 2255 motion. The Court, however, finds that this argument is without merit. See Reichert v. United States, 101 Fed. Appx. 13, 14 (6th Cir. 2004) (when federal prisoner is resentenced under Rule 35, the statute of limitations for filing a § 2255 motion does not start from date of the resentencing). Even if movant's resentencing did start a new time period for filing a § 2255 motion, that time period expired in July 2004 - one year after movant was resentenced. Therefore, the instant § 2255 motion is time barred.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] is **DISMISSED**, without prejudice, as time barred.

---

[1] Federal Rule of Appellate Procedure 4(b)(1)(A) provides that movant's notice of appeal had to be filed within 10 days after the entry of the judgment sentencing him.

An appropriate order shall accompany this memorandum and order.

Dated this <u>  27th  </u> day of June, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE